Si-iauck, J.
The case presented permits us to assume, without deciding, that in view of the facts found by the circuit court there was such a delivery of the deed as wohld give it effect as against the heirs at law of the grantors, 'and that as to them .the deed would, by relation, take effect at the date when the instrument was delivered as an escrow. We have to determine whether it was effective to pass the title to the grantee discharged of debts of the grantor contracted between December, 1891, when the instrument was delivered as an escrow and February, 1895, when upon his death if was delivered to the grantee, as was held by the circuit court.
Delivery being essential to the efficacy of a deed, it is obvious that the title does not actually pass until that which was an escrow becomes a deed by virtue of its delivery as such, or at least, until the satisfaction of the conditions prescribed for its final delivery. Accordingly the general rule is that the title does not pass until the second delivery, or until the conditions prescribed therefor are satisfied. It would not be practicable to cite all the cases in which the general rule is so stated. Many of them are' collected by Mr. Devlin in a note to section 328 of his work on deeds. To this rule there is a well-recognized exception. The rule and the exception are thus stated by Chancellor Kent: “Generally an escrow takes effect from the second delivery and is to be considered as the deed of the party from that time; but this general rule does not apply when justice requires a resort to fiction. The relation back to the first delivery, so as to give the deed effect from that time, is allowed in cases of necessity, to avoid injury to the operation of the deed from events happening *198 between the first and second delivery * * *. But if the fiction be not required for any such purpose, it is not admitted and the deed operates according to the truth of the case, from the second delivery. It is a general principle of law that in all cases where it becomes necessary for the purposes of justice that thé true time when any legal proceeding took place should be ascertained, the fiction of law introduced for the sake of justice is not to prevail against the fact.” 4 Com., 454.
Whatever terms may be employed in stating the exception, the relation back to the first delivery is always to accomplish, and never to defeat, justice. Bearing in mind the purpose of! this exception and the fact that the deed before us.was without any substantial consideration, it is quite apparent that the conclusion of the circuit court that the relation back should be allowed to cut off the claims of those who gave credit to the testator between the first and second deliveries, and without knowledge of the instrument, is erroneous. That conclusion derives no support from Crooks v. Crooks, 34 Ohio St., 610, or Ball v. Foreman, 37 Ohio St., 132, where the title was held to pass as of the date of the first delivery for purposes clearly within the exception as above stated.
The judgment of the circuit court will be so modified as to order the plaintiff in error to sell so much of the land in controversy as may be necessary for the payment of all the debts of the testator.

Judgment accordingly.